WELLS, FARGO & Co. *v.* OREGON RY. & NAV. CO.

SAME *v.* OREGON & C. RY. Co.

*(Circuit Court, D. Oregon.* November 19, 1883.)

COMMON CARRIERS — DUTY OF RAILROADS TO PROVIDE FACILITIES TO EXPRESS COMPANIES.

> The former decisions of the circuit court holding that railroads are bound to carry the express matter of regularly organized express companies, and to provide the necessary facilities therefor, followed in this case, pending the final settlement of the question now before the supreme court.

In Equity.

*M. W. Fechheimer,* for plaintiff.

*Joseph N. Dolph,* for defendants.

FIELD, Justice. The bill of complaint alleges that the plaintiff is a corporation organized under the laws of Colorado, and is engaged and has been for many years, on the Pacific coast and in other parts of the country, in what is known as the express business. The defendants are corporations formed under the laws of Oregon, and own steam-vessels, which ply on the waters of British Columbia, Oregon, and California, and on the ocean along the Pacific coast, and are employed in the transportation of freight and passengers. They also own different lines of railway in Oregon and adjoining territories, which are also employed in the transportation of freight and passengers. The business of the plaintiff is that of a carrier of parcels by the most rapid means of conveyance in use on its routes, under the direct supervision of agents accompanying them from the domicile or office of the owner or shipper, and delivering them at the office or domicile of the party to whom they belong or are consigned. The special advantage of the carrying business thus conducted consists in this personal supervision over the articles during their transportation, from their receipt to their delivery, thus giving greater security against loss and accident. Railroad companies and other common carriers usually confine their supervision to securing safe carriage from one to another of their stations, depots, or wharves. Their responsibility is limited, in the absence of special contract, to safe carriage over their own routes between such places, and, when transporting with connecting lines, to safe delivery to the next connecting carrier. The express company, in exercising personal supervision over articles intrusted to it from their receipt until their delivery, performs a most important and valuable service to the public. Its business, though comparatively of recent origin, has been conducted in the states and territories of the country with such general care and fidelity by companies organized like the plaintiff, that they are now a favorite means of transporting small articles, and particularly those containing great value, or requiring special care in handling. The

express business has thus become a recognized branch of the carrying trade; and the question is, shall the railway companies and steam-ship companies engaged in that trade be required to furnish facilities to the express companies in the transaction of this business? The business would entirely fail and come to an end if certain facilities for its transaction were not afforded them, such as allowing to them special cars or apartments, or definite spaces in them, for the transportation of such articles, with a messenger in charge thereof, having sufficient room for the assortment of the articles by him while in transit, so as to facilitate their delivery at the different stations to which they may be destined. It may be difficult to define with accuracy what should be deemed proper facilities in each case. That will depend very much upon the extent of the business and the character of the articles carried by the express companies. In the present cases it is not necessary to designate what those facilities should be. The object of the two suits is to restrain the defendants from refusing to the plaintiff the facilities which have heretofore been furnished to it.

The question presented for determination is, can one common carrier be required to furnish accommodations for the business of another common carrier, and if so, to what an extent? The question is one of much difficulty, and its correct solution will be far-reaching in its consequences. It has been before different circuit courts of the United States in several cases, but has never been brought before the supreme court. In the case of the *Southern Express Co.* v. *St. Louis, I. M. & S. R. Co.* in the eighth circuit, it was considered by Mr. Justice MILLER, of that court, sitting with Judge McCRARY in holding the circuit court. 10 FED. REP. 210. The railway company, in that case, was enjoined by them from refusing or withholding the usual express facilities from the plaintiff. In giving his conclusions, Mr. Justice MILLER, among other things, held that the express business is a branch of the carrying trade, which, by the necessities of commerce and the usages of persons engaged in transportation, has become known and recognized so as to require the court to take notice of it as distinct from the transportation of the large mass of freight usually caried on steamboats and railroads; that the object of this express business is to carry small and valuable packages rapidly in such manner as not to subject them to the danger of loss and damage which to a greater or less degree attend the transportation of heavy or bulky articles of commerce; that it is one of the necessities of this business that the packages should be in the immediate charge of an agent or messenger of the company, or parties engaged in it, without any right on the part of the railway company to open and inspect them; that it is the duty of every railroad company to provide such conveyance, by special car or otherwise, attached to its freight or passenger trains, as may be required for the safe and proper transportation of this express matter on its roads; that the use of these facilities should be extended on equal

terms to all who are actually engaged in the express business, at fair and reasonable rates of compensation, to be determined by the court when the parties cannot agree thereon; and that a court of equity has authority to compel the railroad companies to carry this express mat- ter and to perform the duties mentioned.

The same question has been determined substantially in the same way in other cases. From the decrees rendered in some of them appeals have been taken to the supreme court, and the cases are now on its calendar. Under these circumstances I have decided to follow the views expressed in them, rather than to go into an ex- tended consideration of the question. The following cases are now pending in the supreme court: *Memphis & L. R. R. Co.* v. *Southern Exp. Co.; St. Louis, I. M. & S. R. Co.* v. *Southern Exp. Co.;* and *Missouri, K. & T. R. Co.* v. *Dinsmore,* president of Adams Express Company. In disposing of them the question presented will be de- finitely and ~uthoritatively settled.

As a matter of form, therefore, I shall yield to the conclusions of the circuit court of the eighth circuit, which are in conformity with those expressed by Judge DEADY on the application for injunction in these cases, and will order a decree for the plaintiff in both. The defendants will thus be enabled to take an appeal at once to the su- preme court and have their cases argued in connection with those now pending on the calendar of that court.

Let a decree be entered in both cases for the plaintiff, adjudging that it has a right to have express facilities furnished by the defend- ants, as heretofore, and continuing the injunction granted.